**MARYLAND CASUALTY CO. v. NICE-TOWN DYE WORKS.**

No. 6538.

Circuit Court of Appeals, Third Circuit.

Jan. 10, 1938.

Richard A. Smith, Thomas J. Cleary and Louis Wagner, all of Philadelphia, Pa., for appellant.

John T. Murphy, Jr., and Walter B. Gibbons, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and WATSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below the Nicetown Dye Works recovered against the Maryland Casualty Company for loss of bales of wool on a policy which insured "for all loss by burglary of merchandise, furniture, fixtures and equipment, from within the Assured's premises as hereinafter defined, occasioned by any person or persons who shall have made felonious entry into the premises by actual force and violence, when the premises are not open for business, of which force and violence there shall be visible marks made upon the premises at the place of such entry by tools, explosives, electricity or chemicals." Thereupon defendant took this appeal, and the question involved is whether the court erred in refusing defendant's request for binding instructions in its favor. On consideration of the evidence, we are of opinion the court committed no error in so doing.

The proofs showed that a number of bales of wool were stolen from defendant's warehouse when it was "not open for business," and the question is whether in committing the theft the burglars "made felonious entry into the premises * * * of which force and violence there shall be visible marks at the place of such entry by tools."

Now the warehouse had two adjacent doors; one was the small sized door through which some of the stolen bales could not be taken. The burglars caught the watchman at this door and at gun point made him open it. In the warehouse were the bales of wool and two automobile trucks, but the bales could not be carried through the small door and the robbers could not get their own truck into the warehouse without opening the large rolling doors, moving out the two trucks and getting their truck to the bales. The rolling door was locked on the inside by means of a chain which was fastened by a keeper and a wedge. The watchman, who was taken in charge and kept confined in a car, testified he heard sounds of a moving automobile. After the robbery the keeper and several links of the chain were found to have been bent and distorted, and the wedge was missing.

It is contended the policy was not breached because the entry to the warehouse was through the small door and there were no consequent marks of violence. But this contention overlooks the fact that it was not the entry through the small door, but the entry of the burglars with their trucks through the broken-open rolling door that brought about the loss of the wool. The breaking open of that door, the pushing out of the plaintiff's two trucks into the yard, the entry of the burglars' truck and the loading of the bales, the entire time the considerable gang of men used in effecting the burglary, was the real entry which brought about the loss. Of this burglarious entry through the broken-open roller door there were "visible marks upon the premises at the place of such entry by tools."

Accordingly, the judgment below is affirmed.